UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GISELLE VALDERY                                      CIVIL ACTION

VERSUS                                               NO: 15-01547

LOUISIANA WORKFORCE                                  SECTION: R(5)
COMMISSION, and
PENELOPE PALERMO

## ORDER AND REASONS

Defendants Louisiana Workforce Commission and Penelope Palermo, move to dismiss plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Because the Eleventh Amendment bars plaintiff's suit, the Court grants the motion.

## I.   BACKGROUND

On May 7, 2015, pro se plaintiff Giselle Valdery sued the Louisiana Workforce Commission and Penelope Palermo, a former Administrative Law Judge for the Commission's Office of Unemployment Administration.[1] Valdery alleges that defendants unlawfully denied her unemployment benefits because the Commission determined that it had overpaid her.[2] Valdery further alleges that defendants unlawfully denied her appeal of the Commission's

---

[1]   R. Doc. 1.

[2]   *Id.* at 1.

decision.[3] Valdery seeks to recover all unemployment benefits withheld from her, as well as damages for her alleged emotional distress.[4]

On June 25, 2015, defendants moved to dismiss Valdery's complaint for lack of jurisdiction under Rule 12(b)(1), and for failure to state a claim under Rule 12(b)(6).[5] Among other arguments, defendants contend that the Eleventh Amendment bars this suit.[6] Valdery does not oppose the motion.

## II. LEGAL STANDARD

Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). In ruling on a Rule 12(b)(1) motion to dismiss, the Court may rely on (1) the complaint alone, presuming the allegations to be true; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts. *Den Norske Stats Ojeselskap As v. HeereMac*

---

[3] *Id.* at 1-2.

[4] *Id.* at 2.

[5] R. Doc. 5-1 at 2, 7.

[6] *Id.* at 3-4.

*Vof,* 241 F.3d 420, 424 (5th Cir. 2001); *see also Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). The party asserting jurisdiction bears the burden of establishing that the district court possesses jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001).

When, as here, grounds for dismissal may exist under both Rule 12(b)(1) and Rule 12(b)(6), the Court should, if necessary, dismiss only under the former without reaching the question of failure to state a claim. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977). A court's dismissal for lack of subject matter jurisdiction is not a decision on the merits and does not prevent the plaintiff from pursuing the claim in another forum. *See id.*

Because the Court finds that plaintiff's claim must be dismissed under Rule 12(b)(1), it does not address the legal standard for dismissal under Rule 12(b)(6).

## III. DISCUSSION

The Eleventh Amendment grants states, as well as state agencies, immunity from suits in federal court filed by its own citizens or citizens of another state. *See* U.S. Const. amend. XI; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (citations omitted); *Cozzo v. Tangipahoa Parish Counsel–President Gov't*, 279 F.3d 273, 280 (5th Cir. 2002) (citation omitted). "When a state agency is the named defendant, the Eleventh

Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity." *Cozzo*, 279 F.3d at 280-81 (citing *Puerto Rico Aquaduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993)). Louisiana has statutorily refused to waive its Eleventh Amendment sovereign immunity against suits in federal courts. *See* La. Rev. Stat. § 13:5106(A); *Cozzo*, 279 F.3d at 281.

Here, Valdery sued the Louisiana Workforce Commission, an administrative agency of the State of Louisiana, *see* La. R. S. § 23:1, and Palermo, in her official capacity as a former administrative law judge for the Commission. Courts consider the Louisiana Workforce Commission to be an arm of the state for purposes of Eleventh Amendment immunity. *See Chaney v. La. Workforce Comm'n*, 560 F. App'x 417, 418 (5th Cir. 2014). The Commission and Palermo are thus immune from liability for Valdery's claim for monetary damages. *See id.* (holding state agencies and agency officials who have been sued in their official capacities are immune from suit). Because Valdery's suit is not excepted from Eleventh Amendment sovereign immunity, Valdery's claim must be dismissed.

## IV.   LEAVE TO AMEND

The Court should "freely give" leave to amend "when justice so requires." Fed. R. Civ. P. 15(a) (2); *Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013).

Ordinarily, "a court should grant a pro se party every reasonable opportunity to amend." *Hale v. King*, 642 F.3d 492, 503 n.36 (5th Cir 2011) (quoting *Pena v. United States*, 157 F.3d 984, 987 n.3 (5th Cir. 1988)).

When it is apparent, however, that amendment will be futile, dismissal without leave to amend is appropriate. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). It is apparent from the record in this case that amendment will be futile. Valdery seeks only monetary damages against both the Commission and Palermo, a result barred by the Eleventh Amendment. Moreover, Valdery has not even responded to this motion. Accordingly, leave to amend is not warranted.

## V.   CONCLUSION

For the foregoing reasons, the Court GRANTS defendants Louisiana Workforce Commission and Penelope Palermo's Motion to Dismiss the case for lack of jurisdiction.

New Orleans, Louisiana, this ___10th___ day of September, 2015.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE